UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MARK DURHAM, | |
|     Petitioner, | |
|         v. | Civil No. 15-cv-220-JPG |
| UNITED STATES OF AMERICA, | Criminal No 02-cr-40053-JPG |
|     Respondent. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Robert Mark Durham's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). On June 9, 2004, the petitioner pled guilty to one count of conspiracy to manufacture 500 grams or more of methamphetamine, one count of manufacturing 50 grams or more of methamphetamine, and one count of possessing a firearm during and in relation to a drug trafficking crime. The indictment also sought to forfeit $500,000 in cash proceeds, or substitute property, derived from the petitioner's illegal drug conspiracy activity. The Court sentenced the petitioner to serve 228 months in prison and ordered several of the petitioner's financial accounts be forfeited. The petitioner appealed to the United States Court of Appeals for the Seventh Circuit, which on October 7, 2005, affirmed the Court's judgment. *See United States v. Durham*, 149 Fed. App'x 533 (7th Cir. 2005). The petitioner did not seek a writ of *certiorari* from the United States Supreme Court.

In his § 2255 motion, filed March 2, 2015, the petitioner argues his counsel was constitutionally ineffective in violation of the Sixth Amendment because he:

- failed to investigate the petitioner's legitimate business and employment records, including payments into a retirement plan, prior to the petitioner's involvement in the conspiracy;

- failed to distinguish between pre- and post-CAFRA assets to support an ex post facto argument regarding forfeitures;

- failed to argue that the petitioner's forfeited assets were not apportioned properly, which allowed improper forfeiture of pre-conspiracy assets; and

- failed to argue that the petitioner should not be responsible for the entire forfeiture amount.

The Court suspects that the petitioner filed his petition too late.   A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f).   The one-year limitations period runs from the latest of four events:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Nothing in Durham's motion suggests the one-year period began to run based on the events described in paragraphs (2), (3) or (4) above.   If the one-year period began to run based on the event described in paragraph (1) above, the limitations period has expired.   Durham's judgment of conviction became final for § 2255 purposes the day his period to petition the United States Supreme Court for a writ of *certiorari* expired.   *Clay v. United States*, 537 U.S. 522, 524-25 (2003).   The period for filing such a petition expires ninety days after the Court of Appeals enters judgment or denies a petition for rehearing.   *See* S. Ct. R. 13(1) & (3).   For Durham, that ninety-day period expired January 5, 2006.   Thus, he had until January 5, 2007, to file a § 2255

2

motion, and his March 2, 2015, motion appears to be too late.

Additionally, and more importantly, the Court questions its jurisdiction to hear a challenge to the forfeiture portion of a judgment in a § 2255 proceeding, which focuses on remedying illegal custodial sentences. *See Virsnieks v. Smith*, 521 F.3d 707, 721-22 (7th Cir. 2008) (citing *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994) (holding that challenge to fine is not cognizable in § 2255 proceeding)); *Barnickel v. United States*, 113 F.3d 704, 706 (7th Cir. 1997) (holding challenge to restitution order is not cognizable in § 2255 proceeding). Durham has suggested in recent filings in his criminal case that he would like to challenge the voluntariness of his plea based on his counsel's pre-plea advice regarding the forfeiture, which would implicate his custody. However, in his § 2255 motion he challenges only the forfeiture component of his judgment, not the voluntariness of his plea. The Court questions whether it has subject matter jurisdiction to hear Durham's argument. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003).

In light of the foregoing, the Court **ORDERS** Durham to **SHOW CAUSE** on or before April 17, 2015, why the Court should not deny his § 2255 motion as untimely and/or dismiss his § 2255 motion for lack of subject matter jurisdiction. The Government shall have 14 days to reply to Durham's response to this show cause order.

**IT IS SO ORDERED.**
**DATED:   March 23, 2015**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
