UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT MARK DURHAM, | |
|     Petitioner, | |
|         v. | Civil No. 15-cv-220-JPG |
| UNITED STATES OF AMERICA, | Criminal No. 02-cr-40053-JPG |
|     Respondent. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Robert Mark Durham's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255. (Doc. 1).   In response to the petitioner's motion, the Court ordered the petitioner to show cause.   Durham needed to show why the motion should not be dismissed because it is not filed in a timely manner and is not within the jurisdictional scope of the Court.   The petitioner responded to the order (Doc. 3) and the government asked the Court to vacate. (Doc. 7).

On June 9, 2004, petitioner Robert Mark Durham pled guilty to one count of conspiracy to manufacture 500 grams or more of methamphetamine; one count of manufacturing 50 grams or more of methamphetamine; and possession of a firearm during and in relation to a drug trafficking crime. (02-cr-40053-JPG, Doc. 385).   He was sentenced to serve 228 months in jail and ordered to forfeit "property used or intended to be used to facilitate the offense . . . [and] any other property (substitute assets) of the Defendant up to the value of any property described above." (02-cr-40053-JPG, Doc. 383).

After an unsuccessful direct appeal the petitioner moved to reduce the amount forfeited under the Federal Rule of Criminal Procedure 41(g). (02-cr-40053-JPG, Doc. 523).   The Court rejected the motion noting the plea agreement allowed the forfeiture of "other property as substitute assets," a challenge to the forfeiture must proceed on appeal, and Durham's 41(g) motion was

actually "an improper attempt to challenge a component of his sentence." (02-cr-40053-JPG, Doc. 530, citing *Young v. United States*, 498 F.3d 313, 315 (7th Cir. 2007)).

Now the Defendant, with his 28 U.S.C. §2255 motion, again challenges the forfeited assets through four claims of ineffective counsel in violation of his Sixth Amendment rights.

> i) Counsel failed to investigate petitioner's legitimate business and employment records, including payments into retirement plan, prior to the petitioner's involvement in the conspiracy;
> ii) Counsel failed to distinguish between pre- and post- Civil Asset Forfeiture Reform Act (CAFRA) assets to support an *ex post facto* argument regarding forfeitures;
> iii) Counsel failed to argue that the petitioner's forfeited assets were not apportioned properly, which allowed improper forfeiture of pre-conspiracy assets; and
> iv) Counsel failed to argue the petitioner should not be responsible for the entire forfeiture amount.
> (Doc. 1)

The task at hand is to determine whether this Court has jurisdiction to hear such a claim, and if the petitioner filed the motion in a timely manner.

To obtain relief under a §2255 motion the petitioner must claim the "right to be released." 28 U.S.C. §2255 (2008). The petitioner must also demonstrate that the alleged error in the plea agreement or sentencing was "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1992). Therefore, the defect of justice being challenged by a §2255 motion must directly relate to a custodial aspect of the petitioner's sentence.

The petitioner's case is similar to *Barnickel v. United States*, 113 F.3d 704, (7th Cir. 1997). In *Barnickel*, the defendant filed a §2255 and as the court noted, "attack[ed] only the restitution part of her sentence." *Id.* at 705. The court found this §2255 motion lacked a jurisdictional or constitutional defect, as it did not claim the "right to be released. *Id.* at 706, (citing *Smullen v. United States*, 94 F.3d 20 (1st Cir. 1996)). A challenge to restitution does not satisfy the requisite

"right to be released" aspect of a §2255, as a challenge to restitution does not directly relate to the custody of the defendant's sentence. Therefore, the court held a §2255 motion "is not available to challenge an order of restitution imposed as part of a criminal sentence." *Barnickel*, 113 F.3d at 706.

In the case at bar, the only defect of justice being challenged by the petitioner's §2255 motion is the amount of assets forfeited. Durham's petition, like the §2255 challenge to restitution in *Barnickel*, strictly deals with a noncustodial issue. Just as the challenge to restitution in *Barnickel* did not "rise to the level of a constitutional violation," neither does Durham's claim against the forfeited assets. *Barnickel*, 113 F.3d at 706. A claim against forfeited assets is not a "fundamental defect which inherently results in a complete miscarriage of justice." *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992). If the defect of justice challenged by the §2255 motion does not directly relate to a custodial aspect of the petitioner's sentence, he cannot satisfy the requisite "right to be released" claim. *Barnickel*, 113 F.3d at 706, (citing *Smullen v. United States*, 94 F.3d 20 (1st Cir. 1996)). A claim required by §2255 itself. *Id*. Therefore, a §2255 motion is not available to challenge forfeited assets imposed as part of a plea agreement.

In summary, this Court holds it does not have the jurisdiction to hear the petitioner's motion for collateral relief. He has failed to challenge a custodial aspect of his sentence. Because of this, it is unnecessary for this Court to address whether the petition was filed in a timely manner.

For these reasons this Court **DISMISSES** Durham's §2255 motion (Doc. 1) and **DIRECTS** the clerks of court to enter judgement accordingly.

**IT IS SO ORDERED.**
**DATED:   July 9, 2015**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**